**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

WILLIAM A. MAECKER,

                 Plaintiff,                 13-CV-305-A(Sc)
      v.                                 **RULE 62.1 INDICATIVE RULING**

EVERHOME MORTGAGE COMPANY,

                 Defendant.
_____

      Plaintiff William A. Maecker, proceeding *pro se*, has moved for reconsideration of this Court's order adopting Magistrate Judge Scott's Report and Recommendation. In his complaint, Plaintiff alleges, generally, that the Defendant did not disburse funds from a loan, the effect of which was to impede Plaintiff's restoration of his residence in Silver Creek, New York. Magistrate Judge Scott construed the Defendant's motion to dismiss as a motion for summary judgment, which he recommended granting.

      The substance of Plaintiff's motion for reconsideration involves the events that transpired around the time when Plaintiff's objections to the Report and Recommendation were due. Plaintiff argues that the Court adopted Magistrate Judge Scott's Report and Recommendation without the benefit of Plaintiff's objections and exhibits, which were not received by the Court's March 24, 2014 deadline. According to Plaintiff, he mailed "written documents" on March 24, 2014 and "exhibits" on March 25, 2014. Dkt. No. 31 at 2. Plaintiff states that the

Court received his exhibits on March 26, but that on March 27, the Clerk's Office returned the exhibits because "they [were] not in a form [the Clerk's] office can accept for filing." Id. (quoting notice from the Office of the Clerk, dated March 27, 2014). On March 26, 2014, the Court adopted Magistrate Judge Scott's Report and Recommendation. Dkt. No. 25.

Plaintiff then filed both a notice of appeal and a seventy-seven page motion for reconsideration pursuant to Federal Rule of Civil Procedure 60.[1] Dkt. Nos. 29, 30, 32. For the reasons stated below, the Court finds that Plaintiff's filing of a notice of appeal divested the Court of jurisdiction to consider Plaintiff's motion for reconsideration. However, the Court also indicates that if the Court of Appeals were to remand the issue, the Court would grant Plaintiff's motion for the limited purpose of reconsidering the Report and Recommendation in light of Plaintiff's exhibits and objections.

**A. The Court's Jurisdiction to Decide the Motion for Reconsideration**

A non-prevailing litigant in district court ordinarily must file a notice of appeal within thirty days of the district court's entry of judgment. See Fed. R. App. P. 4(a)(1)(A). However, that time period may be extended when the appellant files one of the several post-judgment motions listed in Federal Rule of Appellate Procedure 4(a)(4)(A). Among the motions listed in Rule 4(a)(4)(A), a

---

[1] Plaintiff's voluminous submission was not in compliance with Local Rule 7(a)(2)(C), which, absent leave from the Court, limits briefs to twenty-five pages. However, in light of Plaintiff's pro se status, the Court will entertain Plaintiff's motion.

Rule 60 motion, which Plaintiff has filed in this case, restarts the clock to file a notice appeal from "the entry of the order" disposing of the Rule 60 motion. Fed. R. App. P. 4(a)(4)(A)(vi). Critically, however, this extension to file a notice of appeal applies *only* if the Rule 60 motion "is filed no later than 28 days after the judgment was entered." *Id.*

In this case, Plaintiff's Rule 60 motion was filed on April 25, 2014—29 days after judgment was entered on March 27, 2014. *See* Dkt. No. 27 (judgment); Dkt. No. 31 (motion for reconsideration). Thus, because Plaintiff's Rule 60 motion was filed more than 28 days after the entry of judgment, it is not a motion that extends the time to file a notice of appeal pursuant to Rule of Appellate Procedure 4(a)(4)(A)(vi). Therefore, the time within which Plaintiff had to file his notice of appeal runs from the date on which the Court entered judgment, and not from the date on which the Court resolves Plaintiff's motion for reconsideration.

As noted, judgment in this case was entered on March 27, 2014. Fewer than thirty days after the entry of judgment, Plaintiff filed a notice of appeal. Dkt. No. 29. The effect of Plaintiff's timely notice of appeal was to divest this Court of jurisdiction over the matter and transfer jurisdiction to the Court of Appeals. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (noting that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").

The Court's disposition of Plaintiff's motion for reconsideration is therefore governed by Rule of Civil Procedure 62.1, which permits district courts to make "indicative rulings" on post-judgment motions over which district courts otherwise lack jurisdiction. Accordingly, Rule 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the district court may either "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

### B. The Merits of Plaintiff's Motion for Reconsideration

Plaintiff bases his motion for reconsideration on Federal Rules of Civil Procedure 60(a) and 60(b). However, Plaintiff's reference to Rule 60(a), which permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" is irrelevant to Plaintiff's contention that the Court did not timely receive his objections and exhibits. Although Plaintiff's confusion over Rule 60(a)'s use of the word "clerical" is understandable, Rule 60(a) does not apply in these circumstances. Instead, a Rule 60(a) motion "must seek to conform the written judgment actually rendered by the court; it cannot seek to alter the substantive

4

rights of the parties." *Dudley ex rel. Estate of Patton v. Penn-America Ins. Co.*, 313 F.3d 662, 671 (2d Cir. 2002) (Sotomayor, J., concurring in the judgment). The judgment in this case, Dkt. No. 27, is identical to the outcome of the litigation that preceded it. Dkt. No. 25. Accordingly, Plaintiff's reliance on Rule 60(a) is inapposite.

However, Plaintiff's second basis for reconsideration, Rule 60(b), is more promising for Plaintiff. Rule 60(b) sets forth several grounds pursuant to which "the court may relieve a party . . . from a final judgment, order, or proceeding." Although Plaintiff cites several bases for relief under Rule 60(b), the only meritorious basis is Rule 60(b)(1), which authorizes a district court to grant relief where there has been "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1) relief is generally granted only when the "order from which relief is sought was the consequence of 'excusable neglect' by the movant or the movant's counsel." *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 386 (E.D.N.Y. 1998). In turn, the Supreme Court has held, in a related context, that "excusable neglect" is an "equitable determination which could be reached only after an analysis of 'all relevant factors including the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Co. v. Brunswick Ass'c Ltd. Ptrshp.,* 507 U.S. 380, 385 (1993))

As noted above, Plaintiff argues that the Court adopted Magistrate Judge Scott's Report and Recommendation without the benefit of Plaintiff's objections and exhibits. These objections and exhibits, although untimely, were ultimately received by the Court, and Plaintiff's motion suggests that Plaintiff was diligent in attempting to timely file his documents. Untimeliness is ordinarily an insufficient basis for relief under Rule 60(b)(1), and if Plaintiff were represented by an attorney, his untimeliness, though inadvertent, would likely not provide grounds for relief. *See Alvarado v. Manhattan Worker Career Ctr.*, No. 01 Civ. 9288 (CBM), 2003 WL 22462032, at *2 (S.D.N.Y. 2003). However, solely because of Plaintiff's *pro se* status, as well as what appears to be his good faith effort to timely file his documents, the Court indicates, pursuant to Federal Rule of Civil Procedure 62.1(a)(3), that if the Court of Appeals were to remand the issue, this Court would grant Plaintiff's motion for reconsideration for the limited purpose of reconsidering the Report and Recommendation in light of Plaintiff's objections and exhibits.

## **Conclusion**

For the reasons stated above, the Court finds that because Plaintiff filed a timely notice of appeal, the Court lacks the jurisdiction necessary to rule on Plaintiff's motion for reconsideration. However, pursuant to Federal Rule of Civil Procedure 62.1(a)(3), the Court indicates that if the Court of Appeals were to remand the issue pursuant to Federal Rule of Appellate Procedure 12.1, the

Court would grant the motion for reconsideration for the limited purpose of reconsidering the Report and Recommendation in light of Plaintiff's untimely objections and exhibits.  Plaintiff is advised that he is obligated to provide notice of this Court's indicative ruling to the Clerk of the Court of Appeals for the Second Circuit.  See Fed. R. Civ. P. 62.1(b).

**SO ORDERED.**

DATED: July 31, 2014　　　　　　　　　　　s/Richard J. Arcara_____
Buffalo, New York
　　　　　　　　　　　　　　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE