UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM ALBERT MAECKER,

                        Plaintiff,

      v.                                      **DECISION AND ORDER**
                                                        13-CV-305-A

EVERHOME MORTGAGE COMPANY,

                        Defendant.

---

      This action, brought by the plaintiff, William Albert Maecker, *pro se,* alleges the defendant, Everhome Mortgage Company, breached a contract, committed tortious interference, abused process, and engaged in fraud, all in connection with a loan made to plaintiff Maecker's former wife.  The loan was to purchase and rehabilitate a residence at 133 Central Avenue, Silver Creek, New York, that plaintiff sought to develop as an income-producing property.

      Plaintiff Maecker, who was not a party to the loan made to his former wife, alleges predecessors of defendant Everhome fraudulently  "closed the loan but failed to fund disbursements"  and caused plaintiff's extensive efforts to rehabilitate 133 Central Avenue as an income-producing property to fail.  Plaintiff affirms under penalty of perjury that the loan proceeds were not disbursed because illegal laundering of proceeds of narcotics trafficking by the United States Central Intelligence Agency was stopped.  Plaintiff's action is pending on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The Court referred the case to Magistrate Judge Hugh B. Scott for the conduct of pretrial proceedings pursuant to 28 U.S.C. § 636(b).  Defendant Everhome moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint for lack of standing and for failure to state a claim upon which relief can be granted.  Plaintiff cross-moved for summary judgment, moved to expedite the case because of some related pending litigation, and moved to amend his complaint.

On January 6, 2014, Magistrate Judge Scott issued an Order and Report and Recommendation that recommended defendant Everhome's motion to dismiss be converted pursuant to Rule 12(d) to a motion for summary judgment and that summary judgment be granted to defendant.  Dkt. No. 19.[1]  The motion to dismiss was converted to one for summary judgment because defendant relied upon loan documents that were not attached to plaintiff Maecker's complaint.  Magistrate Judge Scott also recommended that plaintiff's cross-motion for summary judgment against Everhome, his motion to amend the complaint, and his motion to expedite the proceedings all be denied.  *Id.*

On January 22, 2014, plaintiff Maecker requested an extension of time to file objections to the Report and Recommendation.  The Court granted plaintiff until February 18, 2014 to object.

On February 20, 2014, plaintiff Maecker filed a lengthy affirmation, with

---

[1] The Order and Report and Recommendation, Dkt. No. 19, is referred to as the "Report and Recommendation" in this Decision and Order.

exhibits, stating his various injuries were caused when predecessors of defendant Everhome failed to fund disbursements of the loan to plaintiff's ex-wife because their laundering of proceeds of illegal narcotics trafficking by the United States Central Intelligence Agency was stopped and there were no funds to disburse.  *See* Dkt. Nos. 22-23.  On March 3, 2014, the Court unilaterally granted plaintiff an additional extension of time to object, until March 24, 2014, so that he could object with specific references to the reasoning of the Report and Recommendation.

Plaintiff Maecker filed amended objections to the Report and Recommendation dated March 24, 2014.  The Court reviewed plaintiff's amended objections, the Report and Recommendation, the record as a whole, and determined that a response from defendant Everhome was not necessary.  Pursuant to 28 U.S.C. §636(b)(1), the Court made a *de novo* determination of those portions of the Report and Recommendation to which objections were made.  In light of plaintiff's *pro se* status, the Court treated even his vague references to Magistrate Judge Scott's Report and Recommendation as objections and gave them due consideration.

After *de novo* review, the Court adopted the proposed findings of the Report and Recommendation in their entirety on March 26, 2014.  For the reasons set forth in the Magistrate Judge's Report and Recommendation, defendant Everhome's motion to dismiss was treated as a motion for summary judgment and was granted.  Plaintiff's cross-motion for summary judgment, motion to expedite and motion to

amend the complaint were denied.  The complaint was dismissed and judgment entered.  Dkt. Nos. 26, 27.

On April 25, 2014, plaintiff Maecker filed a notice of appeal to the United States Court of Appeals for the Second Circuit and a motion for reconsideration in this Court.  The Court entered an indicative ruling on August 1, 2014 that the Court would grant the motion for reconsideration if the Court of Appeals were to remand the action for that purpose.  Dkt. No. 33.  The Court of Appeals did remand the action and the mandate was entered October 29, 2014.

The Court granted plaintiff Maecker's motion for reconsideration in a Text Order, Dkt. No. 36, and has reconsidered its earlier grant of summary judgment.  Plaintiff stresses he has standing to sue Everhome, even though he was a non-party to the loan made to his former wife, essentially because he suffered a loss of "sweat equity" in 133 Central Avenue, losses of future income from the property, and other intangible losses.  However, despite his submission of loan records and loan-administration records, plaintiff fails to establish a triable issue of material fact on his allegations that the financial and other losses he claims to have suffered were caused by any financial institutions' wrongful failures timely to disburse loan proceeds.  Because plaintiff is unable to raise a triable issue of material fact on any of his claims, summary judgment is entered pursuant to Federal Rule of Civil Procedure 56.

The Court has considered whether *pro se* plaintiff Maecker was initially given

adequate notice that the Magistrate Judge was converting the motion to dismiss filed by Everhome to a motion for summary judgment. *See Hernandez v. Coffey*, 582 F.3d 303, 307–08 (2d Cir. 2009). Notice of conversion of a motion to dismiss to a motion for summary judgment is particularly important in a *pro se* action in which the pro se party may not appreciate what is at stake. *Id.* Plaintiff was given substantial extensions of time to object to the Report and Recommendation, and to respond, with clear notice of the consequences of the recommended conversion of the motions to dismiss to one for summary judgment. Plaintiff was given a full opportunity to make complete submissions to oppose the motions and the Court finds he understood the consequences of the conversion.[2] As stated above, however, plaintiff submitted inadequate evidence to warrant a trial, and failed to show how he might obtain material evidence through discovery. Plaintiff failed to show how a trial before a jury of any cognizable factual dispute material to his claims could be justified.

    The Court has also specifically reconsidered the Report and Recommendation in that, after the Magistrate Judge's Report and Recommendation was entered, litigation in a New York State Court that plaintiff Maecker asserted in his *pro se* complaint was based upon the same facts as this case was finally resolved against plaintiff. *Stenroos v. Maecker*, 21 N.Y. 958 (2013). Plaintiff had

---

[2] Plaintiff Maecker had an unrelated *pro se* action in this Court in which he filed a motion for discovery when opposing a motion to dismiss on October 22, 2013. Dkt. 13-CV-769-A, Dkt. No. 8.

originally requested injunctive relief staying that state court action, and the Report and Recommendation contained a recommendation that plaintiff's request that the Court enjoin that proceeding be denied on the merits. Upon reconsideration, that request for injunctive relief is denied as moot.

## CONCLUSION

Upon reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1) of the Court's entry of summary judgment in favor of defendant Everhome Mortgage Company, and for the reasons stated above and in the Magistrate Judge Hugh B. Scott's Report and Recommendation, Dkt. No. 19, as modified, the Clerk is directed to: (1) vacate the Court's prior Orders, Dkt. Nos. 25, 26; (2) vacate the Judgment entered March 27, 2014, Dkt. No. 27; but (3) upon the Court's renewed grant of summary judgment in favor of defendant Everhome for the reasons stated above and in the Report and Recommendation, and denying injunctive relief as moot, (4) enter judgment in favor of defendant Everhome on this Decision and Order.

**SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: November 24, 2014